# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TERRY ALCINDOR,

     Plaintiff,

v.                                                    Case No: 8:20-cv-1620-CEH-JSS

LOUIS DEJOY, U.S. POSTMASTER
GENERAL, U.S. POSTAL
SERVICE,

     Defendant.
_____/

## O R D E R

This cause comes before the Court upon Defendant's Motion to Stay Discovery

(Doc. 38). Upon consideration, the Court will deny the Motion to Stay Discovery.

## DISCUSSION

Proceeding *pro* se,[1] Terry Alcindor brings this action against Louis DeJoy, U.S.

Postmaster General. The Court dismissed Alcindor's prior complaint as a shotgun

pleading and granted him leave to file an amended complaint that complied with the

---

[1] The Tampa Chapter of the Federal Bar Association typically operates a Legal Information Program on Tuesdays from 1:00pm to 3:00pm on the second floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at: http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without a Lawyer." Form pleadings for *pro se* parties in civil actions may be found at the following hyperlink: https://www.uscourts.gov/forms/pro-seforms/complaint-civil-case. Additionally, a *pro se* litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook.

Federal Rules of Civil Procedure. Doc. 35 at 3–5. In response, Alcindor filed an amended complaint (Doc. 36), which DeJoy has moved to dismiss (Doc. 37). DeJoy now asks the Court to stay discovery until the Court resolves his Motion to Dismiss. Doc. 38 at 1. In support, he argues that his requested stay of discovery is reasonable because an order granting the Motion to Dismiss will dispose of the action entirely. *Id.* at 2. He contends that the Amended Complaint remains a shotgun pleading and that "the possibility of a dispositive outcome of" the Motion to Dismiss "outweighs the minimal harm that may result from a temporary stay in discovery." *Id.* at 4. And he asserts that the Motion to Dismiss challenges the legal sufficiency of Alcindor's claims, thereby requiring no "additional discovery" to resolve that motion. *Id.*

Alcindor does not oppose an order staying discovery pending the Court's ruling on the Motion to Dismiss. Doc. 40 at 1 (notifying the Court of a good-faith conferral between DeJoy's counsel and Alcindor, in which Alcindor "'concur[red] with Defendant's [M]otion to [S]tay [D]iscovery until Defendant's Motion to Dismiss is adjudicated"); Doc. 39 at 1 ("Plaintiff concurs with Defendant's [M]otion to [S]tay [D]iscovery until Defendant's Motion to Dismiss is adjudicated and, if it is denied, to resume the case processing, including discovery.").

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). The pendency of a motion to dismiss normally will not

justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss. And Eleventh Circuit case law, including the Eleventh Circuit's holding in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss." *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-VMC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007).[2] However, "unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4. Thus, "a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, at *1 (M.D. Fla. Apr. 5, 2021).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the

---

[2] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Id*. at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The Court generally denies motions to stay absent a clear indication that Court will dismiss the action in its entirety. *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-BJD-JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1–2. Finally, the movant must show the necessity, appropriateness, and reasonableness of the proposed stay. *Jolly*, 2021 WL 1822758, at *1.

Here, DeJoy does not show that unusual circumstances justify the requested stay or that prejudice or an undue burden will result if the Court does not impose a stay. The pendency of the Motion to Dismiss, by itself, does not supply good cause or reasonableness for the requested stay. A preliminary peek at Defendant's Motion to Dismiss does not demonstrate an immediate and clear possibility that the Court will grant the Motion to Dismiss in full, either. Contrary to DeJoy's assertion, the Amended Complaint is not "essentially the same" as the prior complaint, as Alcindor has at least attempted to organize his claims. While the Court does not express an opinion on the ultimate merits of the Motion to Dismiss, the Court is not convinced, upon a preliminary review, that the Amended Complaint constitutes a shotgun pleading. Further, although a preliminary review suggests that some of Alcindor's claims may be ripe for dismissal, the review does not reveal, at this time, a clear indication that the Court will dismiss the action in its entirety.

4

DeJoy does not satisfy the high standard required to stay discovery pending the Court's ruling on the Motion to Dismiss. Having balanced the harm produced by a delay in discovery against the possibility that the Court will grant the Motion to Dismiss, the Court will deny the Motion to Stay Discovery.

Accordingly, it is **ORDERED** that Defendant's Motion to Stay Discovery (Doc. 38) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 3, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

5